

**ORDERED in the Southern District of Florida on July 22, 2011.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:                                                                        CASE NO. 11-23492-BKC-AJC

TRAFFORD DISTRIBUTING CENTER, INC.,

    Debtor.
_____/
RICHARD I. CLARK AS TRUSTEE                      ADV. NO. 11-1999-BKC-AJC-A
FOR THE MATTHEW WORTLEY TRUST
d/b/a X CO. FACTORING CORP., *et al*.,

    Plaintiffs,

vs.

MICHAEL R. BAKST and GEORGE S.
FENDER,

    Defendants.
_____/

### ORDER DENYING MOTION FOR REMAND AND ABSTENTION AND GRANTING MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO MOTION TO DISMISS

    **THIS CAUSE** came before the Court upon the *Plaintiffs' Motion for Enlargement of Time to Respond to Defendants' Motion to Dismiss* filed June 2, 2011 (DE 12) and upon the *Plaintiffs'*

*Motion for Remand and for Abstention of State Court Action* filed June 8, 2011 (DE 16). The Court has reviewed the motions and considered the entire record, to date, in this proceeding. Upon consideration, the Court concludes it has jurisdiction over this matter and denies remand. The Court will therefore grant the Plaintiffs' request for an extension of time to respond to the *Defendants' Motion to Dismiss*.

The removed state court action is a core proceeding. It is a civil proceeding arising under title 11 of the United States Code, or arising in or related to a case under title 11. The removed action (a) involves property of the bankruptcy estate; (b) affects the liquidation of the Debtor's assets or the adjustment of the debtor-creditor relationship; and (c) affects the administration of the bankruptcy estate(s). The facts alleged in the Complaint in the removed action relate directly to the main bankruptcy case and the course of its administration, including the administration of the adversary cases.

The removed action arises from the same alleged facts as those stated in pending motions in the main bankruptcy case, asserting that Michael Bakst and Steven Fender conspired to influence and corrupt the judiciary in the performance of its duties to obtain a favorable ruling for Mr. Bakst's client, Soneet Kapila, thereby causing injury to the Defendants. The allegations in the removed action refer to acts taken by Mr. Bakst while he was attorney for the Trustee, representing the Trustee in the Trustee's efforts to recover, administer, and protect estate assets. Accordingly, the allegations raised in the removed action clearly "arise in" and "relate to" this bankruptcy case, and are within the exclusive jurisdiction of this Court. It is therefore

**ORDERED AND ADJUDGED** that the *Plaintiffs' Motion for Remand and for Abstention of State Court Action* filed June 8, 2011 (DE 16) is DENIED and the *Plaintiffs' Motion for*

*Enlargement of Time to Respond to Defendants' Motion to Dismiss* filed June 2, 2011 (DE 12) is GRANTED.  The Plaintiffs are granted an extension of time, through August 1, 2011, within which to file a response to the *Defendants' Motion to Dismiss*.  It is further

**ORDERED AND ADJUDGED** that, within ten (10) days from Plaintiffs' service of a response to the motion to dismiss, Defendants may file a reply to the response.  If a reply is filed by the Defendants, then the Plaintiff may file a reply thereto within ten (10) days from service of the Defendants' reply.  When the foregoing dates have passed, the Court will consider the *Defendants' Motion to Dismiss* based upon the record before the Court.  If the Court deems further argument necessary, it will schedule a further hearing.

###

Copies furnished to:

Rilyn Carnahan, Esq.
Michael Bakst. Esq.
Douglas Broeker, Esq.
Robert Sweetapple, Esq.

Attorney Broeker is directed to serve a conformed copy of this order upon all interested parties immediately upon receipt of same and shall file a certificate of service with the Court.