

**ORDERED in the Southern District of Florida on October 27, 2014.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

TRAFFORD DISTRIBUTING CENTER,                  Case No. 11-23492-BKC-AJC
INC., a/k/a Trafford Distribution Center, Inc.,

      Debtor.

_____/

RICHARD I. CLARK, as TRUSTEE FOR THE          Adv. Pro. No. 11-1999-BKC-AJC
MATTHEW WORTLEY TRUST d/b/a X CO.
FACTORING CORP., *et al.*,

      Plaintiffs,

vs.

MICHAEL R. BAKST AND GEORGE STEVEN
FENDER,

      Defendants.

_____/

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS**

    **THIS MATTER** came before the Court for hearing on October 6, 2014 at 11:00 a.m. in

Miami, Florida upon *Defendants' Motion to Dismiss* [ECF No. 4] ("Motion to Dismiss"),

*Plaintiff's Response to Defendants' Motion to Dismiss* [ECF No. 15] ("Plaintiffs' Initial Response"), *Plaintiff's Supplemental Response to Defendants' Motion to Dismiss* [ECF No. 32] ("Plaintiffs' First Supplemental Response"), *Defendant's Reply to Plaintiff's Response and Supplemental Response to Defendants' Motion to Dismiss* [ECF No. 33] ("Defendants' Reply"), *Supplement to Defendants' Motion to Dismiss [ECF No. 4] and Reply Memorandum [ECF No. 33]* [ECF No. 68] ("Defendants' Initial Supplement"), and *Plaintiffs' Supplemental Response to Defendants' Motion to Dismiss and Defendants' Reply to Plaintiffs' Response and Supplemental Response to Defendants' Motion to Dismiss [D.E. 68]* [ECF No. 69] ("Plaintiffs' Second Supplement"). By order dated September 25, 2014, this Court set the hearing on the Motion to Dismiss for October 6, 2014 [ECF No. 62] and a Certificate of Service of that order was filed with this Court. [ECF No. 64]. Accordingly, notice of the hearing on the Motion to Dismiss was adequate and no further notice is necessary. The Court, having reviewed the record in Debtor Trafford Distributing Center, Inc.'s chapter 7 case, the captioned Adversary Proceeding and the Related Adversary Proceedings (as that term is defined in Note 2, *infra*[1]), the foregoing pleadings and the decisional law cited therein, having heard extensive argument of counsel, and being fully advised in the premises, for the reasons stated on the record and those set forth below, finds and rules that the Motion to Dismiss is granted and this Adversary Proceeding is dismissed with prejudice.

## <u>Background</u>

1.      On April 27, 2011, Barbara Wortley, Richard I. Clark, as Trustee for Joseph M. Wortley Trust, d/b/a X Co. Factoring Corp., Liberty Properties at Trafford, LLC, Liberty

---

[1] This Court can take judicial notice of the contents of the record in the Debtor's main bankruptcy case and the Related Adversary Proceedings. *See Frederick v. United States*, No. 08-22143-CV, 2009 WL 2488965, *8 n.10 (S.D. Fla. Aug. 12, 2009) (Report and Recommendation annexed to District Court order).

Associates, LC and Advanced Vehicle Systems, LLC (collectively, "Plaintiffs") filed their *Plaintiffs' Complaint* ("Complaint") with the Broward County, Florida Circuit Court ("State Court"), Case No. 11-009808 ("State Action"). [ECF No. 1 (Notice of Removal)]. The defendants named in the Complaint were Michael R. Bakst and George Steven Fender (collectively, "Defendants"). The Complaint contains two Counts: "Conspiracy to Obstruct Due Operation of Law and Deprive Plaintiffs of Their Right to A Fair Trial" (Count I), and "Fraudulent Corruption of the Judicial Process" (Count II). [A copy of the Complaint is attached to ECF No. 1 (the Defendants' "Notice of Removal")].

2.      The crux of the Complaint is that, in the context of related adversary proceedings that were transferred to this Court,[2] Defendant Michael Bakst, while court-approved counsel to chapter 7 trustee Soneet Kapila ("Trustee"), was part of a conspiracy with Steven Fender to improperly influence and corrupt Judge John K. Olson, the initial Bankruptcy Judge assigned to this bankruptcy case and Related Adversary Proceedings, by having Mr. Bakst's then law firm, Ruden McClosky, P.A., hire Mr. Fender, Judge Olson's fiancé, as an attorney, and Mr. Bakst having Mr. Fender represent Mr. Bakst in other cases where he served as chapter 7 trustee, so that Judge Olson would rule in favor of the Trustee and approve attorneys' fees for Mr. Bakst and Ruden McClosky, P.A. *See generally* Complaint.

3.      On May 18, 2011, Defendants filed their *Notice of Removal and Removal of Action Under 28 U.S.C. §1452 By Michael Richard Bakst and George Steven Fender* [ECF No. 1], by which they removed the State Action to this Court which was assigned Adversary Proceeding No. 11-1999-AJC (the "Removed Action").

---

[2] Adversary Cases 11-1996, 11-1997 and 11-1998 (collectively, "Related Adversary Proceedings"). The underlying chapter 7 bankruptcy case, *In re Trafford Distributing Center, Inc.,* Case No. 11-23492-BKC-AJC, was also transferred to this Court.

4.      On May 18, 2011, Defendants filed their Motion to Dismiss, arguing that (i) the Removed Action should be dismissed given that the Plaintiffs failed to seek leave of this Court pursuant to the Barton doctrine[3] before filing the Complaint in State Court, (ii) the purported causes of action do not exist, and (iii) the claims are barred by Florida's litigation privilege.[4] [ECF No. 4].

5.      On June 8, 2011, Plaintiffs filed their Initial Response, arguing that (i) this Court lacked subject matter jurisdiction, (ii) Plaintiffs did not need to seek leave of this Court before filing the Complaint because the complained of actions were beyond the scope of Mr. Bakst's duties as Trustee's counsel, (iii) the stated causes of action exist, and (iv) Florida's litigation privilege was inapplicable. [ECF No. 15].

6.      Also on June 8, 2011, Plaintiffs filed their *Plaintiffs' Motion for Remand and Abstention of State Court Action*. [ECF No. 16].

7.      On July 22, 2011, this Court entered is *Order Denying Motion for Remand and Granting Motion for Enlargement of Time to Respond to Motion to Dismiss* ("Order Denying Remand/Abstention") [ECF No. 24]. My Order Denying Remand/Abstention held, in part, as follows:

> The removed action…assert[s] that Michael Bakst and Steven Fender conspired to influence and corrupt the judiciary in the performance of duties to obtain a favorable ruling for Mr. Bakst's client, Soneet Kapila, thereby causing injury to the Defendants [in the Related Adversary Proceedings]. The allegations in the removed action refer to acts taken by Mr. Bakst *while he was attorney for the Trustee, representing the Trustee in the Trustee's efforts to recover, administer, and protect estate assets.* Accordingly, the allegations raised in the removed action clearly "arise in" and "relate to" this bankruptcy case, and are within the *exclusive* jurisdiction of this Court.

---

[3] *See Barton v. Barbour,* 104 U.S. 126 (1881). It is an undisputed fact that Plaintiffs did not seek (or obtain) leave of this Court prior to filing the Complaint initiating the State Action. [ECF No. 73 (Transcript of Oct. 6, 2014 Hearing) at 33:19-20].
[4] *See Echevarria McCalla Raymer Barrett & Frappier v. Cole,* 950 So. 2d 380 (Fla. 2007).

[ECF No. 24 (Order Denying Remand/Abstention) at 2 (Italics added)].

8.      On August 4, 2011, Plaintiffs filed their Initial Supplement, raising the same arguments set forth in their Plaintiffs' Initial Response, and for the first time requesting, in the alternative, that if this Court were to assert jurisdiction over the Removed Action that the Plaintiffs be granted leave to pursue their claims against the Defendants in the State Court. [ECF No. 32, ¶¶41-48].

9.      Also on August 4, 2011, Plaintiffs filed their *Motion for Rehearing of Order Denying Motion for Remand and Abstention*. [ECF No. 31].

10.     On August 19, 2011, Defendants filed their Reply Memorandum, arguing that the Removed Action was not ripe for adjudication until there is an order reversing judgments the Trustee obtained in the Related Adversary Proceedings, (ii) Plaintiffs cannot state a claim for which relief can be granted, (iii) leave of this Court was required by the Barton doctrine, (iv) leave to prosecute the claims in the Complaint in the State Court should be denied, and (v) the claims are barred by Florida's litigation privilege. [ECF No. 33].

11.     On August 19, 2011, the Court entered its *Order Denying Motion for Rehearing of Order Denying Motion for Remand and Abstention*. [ECF No. 34].

12.     On September 1, 2011, Plaintiffs filed their *Plaintiffs' Motion for Leave to File Suit, Nunc Pro Tunc April 27, 2011* requesting that, to the extent necessary, they be granted leave to bring their State Action in State Court *nunc pro tunc* to April 27, 2011. [ECF No. 39].

13.     On September 2, 2011, Plaintiffs filed their *Motion for Leave to Appeal* [ECF No. 40] and *Notice of Appeal* [ECF No. 41] in respect of the Order Denying Remand/Abstention [ECF No. 24] and *Order Denying Motion for Rehearing of Order Denying Motion for Remand and Abstention* [ECF No. 34].

5

14.     On October 7, 2013, the District Court entered its *Order on Appeal*, Case No. 12-CV-21725-WILLIAMS (S.D. Fla.) [ECF No. 14], affirming this Court's Order Denying Remand/Abstention.[5] The District Court rejected Plaintiffs' contentions that the Barton doctrine did not apply and this Court lacked subject matter jurisdiction, explaining, in relevant part, in respect of the Barton doctrine, as follows:

> Appellants argue that the Barton doctrine is inapplicable because their claims against Bakst are based on conduct outside his "official capacity" as trustee's counsel. They argue that their tort claims are based only on Bakst's actions in helping Fender get hired at Ruden McClosky and his attempts to "improperly influenc[e]" Judge Olson, activity which falls outside Bakst's official capacity as the trustee's counsel. This argument, however, is a thinly veiled attempt to disguise the nature of the claims Appellants seek to pursue against Bakst and Fender. Appellants' state action alleges that Bakst and Fender (and Judge Olson) conspired to obstruct "due operation of law" and deprive Appellants of a fair trial in the Bankruptcy Court, and accuses them of fraudulent corruption of the judicial process. This alleged conspiracy necessarily arose from and depended on Bakst's conduct in his position as trustee's counsel; indeed, it was *only by virtue of his role as counsel to the trustee that Bakst could be in a position to influence Judge Olson or conspire with him.* Appellants acknowledged as much in their Complaint in the state action, in which they alleged that an object of the conspiracy was to reward Bakst for his assistance to Fender and Judge Olson through "substantial and unjustified attorneys' fees for the Bankruptcy Estate….funded by judgments levied against" the Appellants.  Thus, according to the Complaint, Bakst's fees as trustee's counsel, paid through the bankruptcy estate, were the vehicle by which Bakst was rewarded for allegedly aiding the judge's future spouse. … In essence, Appellants' state Complaint describes an elaborate scheme to bribe a bankruptcy judge.  Nonetheless, Appellants want this Court to ignore the benefit allegedly conferred upon counsel for the bankruptcy trustee in the *quid pro quo* of the scheme in a tortured effort to avoid the application of the Barton doctrine. This court cannot do.  It is clear that Appellants' tort claims against Bakst are based on his actions while performing in his *official capacity as trustee's counsel,* and therefore the claims against Bakst fall squarely within the Barton doctrine. …
>
> Appellants also argue that the Barton doctrine should not apply to their claims against Fender, because Fender did not play a formal role in the bankruptcy cases. However, it was not error for Judge Cristol to deny the motion as to the claims against Fender, because the claims against Fender were based *solely* on his alleged conspiracy with Bakst while Bakst was acting as trustee's counsel.

[ECF No. 54, *Order on Appeal* at 5-7 (Italics added)].

---

[5] The *Order on Appeal* is in the record before this Court at ECF No. 54, filed on October 8, 2013.

6

15.     The District Court then addressed Plaintiffs' contention that this Court lacked subject matter jurisdiction over their claims. Specifically, the District Court explained that "Appellants' suit against Bakst and Fender was a 'core proceeding' concerning the administration of the estate. Many courts have expressly held that a common-law tort action against a trustee or other court-appointed officer alleging misconduct in the administration of the bankruptcy estate constitutes a core proceeding. … Here, Appellants have filed an action in state court that challenges the conduct of the trustee's counsel and the integrity of the bankruptcy court itself. The Court cannot imagine any scenario in which such a claim could exist outside the context of bankruptcy, since the very subject of Appellants' state complaint is the court's legitimacy, and the rights Appellants seek to vindicate in the state action are derived from the underlying bankruptcy cases." *Id.* at 9-10.

16.     On December 5, 2013, Plaintiffs filed their *Notice of Appeal to United States Court of Appeals for the Eleventh Circuit*. Case No. 12-CV-21725-WILLIAMS (S.D. Fla.) [ECF No. 18].

17.     By Order dated June 17, 2014, the Eleventh Circuit dismissed Plaintiffs' appeal of the District Court's affirmance of the Order Denying Remand/Abstention. Case No. 13-15567-AA.[6]

18.     On September 22, 2014, this Court conducted a status conference in the Removed Action. *See Order Setting Hearing on Motion to Dismiss [ECF No. 4]*. [ECF No. 62]. At the status Conference, this Court approved an application to retain Mr. Bakst and the law firm of Greenspoon Marder, P.A. as counsel to the Trustee *nunc pro tunc* to December 1, 2011, in that, Mr. Bakst's prior employer, Ruden McClosky, P.A., had filed bankruptcy and no longer

---

[6] The Eleventh Circuit's Order is in the record before this Court at ECF No. 59.

operated. *See Order Approving Employment of Trustee's Attorney Nunc Pro Tunc to December 1, 2011.* [ECF No. 233, Main Case, No. 11-23492-AJC].

19.    On September 29, 2014, Defendants filed their Defendants' Initial Supplement in which they argue that the District Court's rulings that the Barton doctrine applied, and that this Court possessed subject matter jurisdiction constituted the law of the case in respect of these issues. [ECF No. 68 (citing *DeLong Equip. Co. v. Washington Mills Elec. Minerals Corp.*, 990 F.2d 1186 (11th Cir. 1993), for the proposition that, in the absence of the "most cogent of reasons," *i.e.,* a change in controlling authority, new facts, or the need to avoid manifest injustice, the District Court's rulings should be followed by this Court for the balance of this Adversary Proceeding)].

20.    On October 6, 2014, prior to the 11:00 a.m. hearing on the Motion to Dismiss, Plaintiffs filed their Plaintiffs' Second Supplement in which they argued, among other things, that the Barton doctrine was no longer relevant, that is, it did not compel dismissal because the State Action had been removed to this Court, the Court that appointed the Trustee and approved the retention of Mr. Bakst and Ruden McClosky, P.A., relying principally upon *In re Harris,* 590 F.3d 730 (9th Cir. 2009).

21.    At the hearing on the Motion to Dismiss, Defendants argued four separate grounds for dismissal: (i) the Barton doctrine, relying on case law refuting the proposition in *In re Harris, supra,* that once an action is removed from state court to bankruptcy court the Barton doctrine is no longer applicable (ii) the claims asserted in the Complaint do not exist under Florida law, (iii) even if the claims exist they are barred by the Florida litigation privilege, and (iv) even if the claims exist the Defendants are immune from suit under derived or qualified judicial immunity. [ECF No. 73 (Transcript of Oct. 6, 2014 Hearing) at 4-29]. The Plaintiffs argue that (i) the Barton doctrine is inapplicable because the State Action was removed to this

Court, (ii) the alleged causes of action exist, (iii) Defendants are not protected from suit under either the Florida litigation privilege or derived or qualified judicial immunity. [ECF No. 73 (Transcript of Oct. 6, 2014 Hearing) at 29-41]. Alternatively, Plaintiffs seek leave of this Court to prosecute their claims in State Court and, further in the alternative, leave to amend the Complaint to state a claim if the Court determines that they have failed to do so.  [ECF No. 73 (Transcript of Oct. 6, 2014 Hearing) at 35:10-13, 36:7-10, 39:14-19, 40:13-19 and 41:17-20].

<u>**Analysis**</u>

In reviewing a motion to dismiss under Rule 12(b)(6), Fed, R. Civ. P., made applicable here by Rule 7012, Fed. R. Bankr. P., a court must take all well-pleaded facts in a plaintiff's complaint and all reasonable inferences drawn from those facts as true. *Jackson v. Okaloosa Cty., Fla.,* 21 F.3d 1531, 1534 (11th Cir. 1994). "A pleading must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While detailed factual allegations are not always necessary to prevent dismissal of a complaint, the allegations must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp.,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). While a court must accept as true a plaintiff's allegations, a court may dismiss a complaint on a dispositive issue of law. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993) (citing *Executive 100, Inc. v. Martin Cty.,* 922 F.2d 1536, 1539 (11th Cir. 1991) ("the court may dismiss a complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no

construction of the factual allegations will support the cause of action.")).

I.    **The Barton doctrine is applicable; removal does not cure Plaintiffs' failure to seek
and obtain leave of this Court in the first instance.**

Under the Barton doctrine, a litigant wishing to sue a bankruptcy trustee or his court-

approved professionals, including counsel, for actions taken in their official capacity in a court

other than the bankruptcy court must first seek and obtain leave to file suit from the bankruptcy

court. *See Barton v. Barbour,* 104 U.S. 126, 137 (1881); *Lawrence v. Goldberg,* 573 F.3d 1265,

1269 (11th Cir. 2009). According to the Eleventh Circuit, "the Barton doctrine helps to ensure the

proper functioning of the bankruptcy process," that is:

> If [the trustee] is burdened with having to defend against suits by litigants
> disappointed by his actions on the court's behalf, his work for the court will be
> impeded…. Without the requirement [of leave], trusteeship will become a more
> irksome duty, and so it will be harder for courts to find competent people to
> appoint as trustees. Trustees will have to pay higher malpractice premiums, and
> this will make the administration of the bankruptcy laws more expensive….
> Furthermore, requiring that leave to sue be sought enables bankruptcy judges to
> monitor the work of trustees more effectively.

*Lawrence,* 573 F.3d at 1269 (quoting *Carter v. Rodgers,* 220 F.3d 1249, 1252-53 (11th Cir.

2000)).

First, this Court concludes that the Barton doctrine applies based on the holding of the

District Court in its Order on Appeal quoted above.  This Court believes that the District Court's

holding is the law of the case, and this Court agrees with the holding even if it were to conclude

that the law of the case doctrine should not be applied here.  The reasoning this Court employed

in denying Plaintiff's motion for remand and abstention is consistent with the District Court's

rationale:   In the Order Denying Motion for Remand/Abstention, this Court explained, in

relevant part, that "[t]he allegations in the removed action refer to acts taken by Mr. Bakst while

he was attorney for the Trustee, representing the Trustee in the Trustee's efforts to recover,

administer, and protect estate assets." [ECF No. 24 at 2]. This conclusion is consistent not only

with the District Court's rationale, but the Eleventh Circuit's statement in *Lawrence* wherein that

court recognized that "[w]hile Lawrence claims that the Trustee, through counsel, abused his

official position, he concedes that the Trustee ostensibly undertook the challenged actions in his

official capacity and for the purpose of enforcing the bankruptcy court's Turn Over Order."

*Lawrence,* 573 F.3d at 1270.

Second, this Court is not obligated to and respectfully declines to follow the ruling in *In*

*re Harris, supra,* where, in relevant part, the court explained that "[w]hen Harris' case was

removed to the appointing bankruptcy court, all problems under the Barton doctrine vanished."

590 F.3d at 742.[7] Based on this ruling Plaintiffs contend that, once the State Action was removed

to this Court, the fact that they did not first seek leave of this Court before filing the State Action

is of no moment and does not compel dismissal.  This Court disagrees with that analysis.  In a

2012 decision from the United States Bankruptcy Court for the District of Delaware, the court

refuted the proposition that removal cures the defect of failing to seek leave of the bankruptcy

court as contemplated by the Barton doctrine. In *In re Summit Metals, Inc.,* 477 B.R. 484, 497-98

(Bankr. D. Del. 2012), the court explained that there was no controlling law in the Third Circuit:

> on whether a case filed without leave from the appointing court is void *ab initio*
> or whether such a jurisdictional defect could be remedied retroactively by
> obtaining that court's permission to sue. Courts in other jurisdictions have held
> that leave of the appointing court cannot be rectified after the suit has been filed,
> because the case is void *ab initio. See, e.g., In re Kids Creek Partners, L.P.,* 248
> B.R. 554, 558-59 (Bankr. N.D. Ill. 2000), *aff'd,* N. 00 C 4076, 94 B 23947, 2000
> WL 1761020 (N.D. Ill. Nov. 20, 2000) (the appointing court dismissed the case
> under the *Barton* doctrine when plaintiffs requested leave to sue the Trustee only
> after filing suit in non-appointing court); *Heavrin v. Schilling (In re Triple S*

---

[7] Of note, the court in *Harris* nevertheless affirmed dismissal of the action based on applicability of derived quasi-judicial immunity to a bankruptcy trustee and counsel representing the trustee, *Harris,* 590 F.3d at 742-44, a fact noted by Defendants' counsel (in support of Defendants' contention that they were entitled to immunity from suit by the Plaintiffs), and this Court. [ECF No. 73 (Transcript of Oct. 6, 2014 Hearing) at 13:23 through 15:9, 17:24 through 18:3, 26:4-19, 44:3-5].

*Rests., Inc.),* 342 B.R. 508, 512 (Bankr. W.D. Ky. 2006), *aff'd,* 519 F.3d 575 (6th Cir. 2008) (the appointing court dismissed the case under the *Barton* doctrine because the plaintiff did not seek or obtain leave of that court before filing suit against the Trustee in state court); *In re Coastal Plains, Inc.,* 326 B.R. 102 (Bankr. N.D. Tex. 2005) (same).

Neither should the ultimate removal of the action to this Court cure the initial, errant filing. Allowing the unauthorized case to proceed would be contrary to the policies that the *Barton* doctrine is intended to advance. *In re Herrara,* 472 B.R. 839, 853-54 (Bankr. D.N.M. 2012). The *Herrera* Court explained why the *Barton* doctrine required dismissal of an unauthorized action against a trustee, even after the case was removed to the bankruptcy court:

> Without in any way disparaging the utility of an "it's here now, let's just deal with it" approach, the fact is that there are many doctrines that have the effect of punishing the unwary, such as filing requirements, statutes of limitations and repose, etc. Despite how inefficiently and even unfairly those policies seem to work sometimes, they continue to be enforced because they implement major policies deemed to be of overriding importance. So here trustees should not face personal liability—both the cost of defense and the possibility of a judgment—unless the action has been filed in the first instance in the bankruptcy court or there has been a determination by the bankruptcy court that the action can be initiated elsewhere.
>
> All problems under the *Barton* doctrine do not vanish when the unauthorized nonbankruptcy court action is removed to bankruptcy court. The trustee should not have to expend resources to remove the action to begin with. Nor should the trustee have to file a motion to dismiss in the non-bankruptcy forum, educating that court about the *Barton* doctrine and hoping for the correct result. And what if she is not properly served but the action proceeds anyway, resulting in liability to her which may be overturned later but is still in effect for some period of time. What happens if the trustee is unable to remove the action timely? Only by requiring any potential plaintiff to always start in the bankruptcy court, either by filing a *Barton* motion or filing the action itself in the bankruptcy court, can the process, and trustees, most consistently be protected.

*Id.* The instant action should not have been filed in New York state court without first seeking leave of this Court. The *Barton* doctrine is directly applicable to the matter before me; indeed, this situation is precisely what the doctrine seeks to prevent. While the *Barton* doctrine alone provides adequate grounds for dismissal, the Court holds, alternatively, that even if leave of court could apply retroactively,

Richardson's Complaint fails to establish a *prima facie* case against the Trustee and will be dismissed for failure to state a claim under Rule 12(b)(6).

*Id.*

This Court adopts the reasoning of Judge Kevin Carey of the Delaware Bankruptcy Court, which is consistent with and serves to protect the principles underlying the Barton doctrine recognized by the Eleventh Circuit in *Lawrence,* 573 F.3d at 1269. The removal of the State Action to this Court does not retroactively cure the defect in Plaintiffs' failure to seek and obtain leave of this Court prior to filing the Complaint in State Court as required by the Barton doctrine. The Court also adopts the reasoning of the cases cited by Judge Carey for the proposition that cases filed in violation of the Barton doctrine are void *ab initio*. Accordingly, the Court concludes that the Removed Action should be dismissed with prejudice on the basis of the Barton doctrine.

II.    **The state causes of action do not exist under Florida law.**

As an independent ground for dismissal, this Court concludes that the stated causes of action do not exist under Florida law and the Complaint should be dismissed for failure to state a claim for which relief can be granted. The Complaint contains two Counts: "Conspiracy to Obstruct Due Operation of Law and Deprive Plaintiffs of Their Right to A Fair Trial" (Count I), and "Fraudulent Corruption of the Judicial Process" (Count II). [ECF No. 1 (Notice of Removal, attaching Complaint)]. The primary case cited by Plaintiffs in support of these claims is the Supreme Court's decision in *Dennis v. Sparks,* 449 U.S. 24 (1980), which concerned an alleged conspiracy between a Texas state court Judge and private litigants in whose favor the judge issued injunctive relief. The injunctive relief was reversed on appeal by a Texas appellate court after which the aggrieved litigants filed suit in U.S. District Court asserting a claim against the judge and the parties in whose favor the injunctive relief was granted under 42 U.S.C. § 1983.

13

The judge was dismissed from the action (based on judicial immunity), but it was allowed to proceed against the parties in whose favor the injunctive relief was granted. Although Defendants argue that *Dennis* is inapposite because in that case there existed a "state actor," the Texas state court Judge, while here Judge Olson is a federal bankruptcy judge, nowhere in the opinion did the *Dennis* Court recognize the claims set forth in the Complaint.

Moreover, in none of the cited cases is the "Fraudulent Corruption of the Judicial Process" claim recognized; and, in only one case, *Patten v. Daoud*, 152 Fla. 448, 452, 12 So. 2d 299, 301 (Fla. 1943), is there a reference, in a dissenting opinion, to a claim asserting a "conspiracy to obstruct the due operation of law and thereby deprive the plaintiff of his right to do business." *Id.* The right of a person to conduct business is not at issue in the case before this Court. Accordingly, the Court concludes that the stated causes of action do not exist under Florida law and, therefore, Plaintiffs have failed to state a plausible claim for relief as contemplated by Rule 12(b)(6), Fed. R. Civ. P. As such, the Removed Action should be dismissed with prejudice.

**III.**     **Even if the Barton doctrine does not apply, and the state causes of action exist, those causes of action are barred by operation of the Florida litigation privilege.**

Even if the Barton doctrine is inapplicable and the Complaint if determined to state recognized causes of action under Florida law, Plaintiffs' claims are nevertheless still barred by operation of the Florida litigation privilege. According to the Florida Supreme Court, the litigation privilege is afforded to any "act occurring during the course of a judicial proceeding…so long as the act has some relation to the proceeding." *Echevarria McCalla Raymer Barrett & Frappier v. Cole,* 950 So. 2d 380, 383 (Fla. 2007). Given (i) this Court's ruling that "[t]he allegations in the removed action refer to acts taken by Mr. Bakst while he was attorney for the Trustee, representing the Trustee in the Trustee's efforts to recover, administer,

and protect estate assets," [ECF No. 24 (Order Denying Remand/Abstention) at 2], and (ii) the District Court's ruling that "Appellants' tort claims against Bakst are based on his actions while performing in his official capacity as trustee's counsel, and therefore the claims against Bakst fall squarely within the Barton doctrine," and the claims against Fender are based solely on his alleged conspiracy with Bakst while Bakst was acting as trustee's counsel, [ECF No. 54, *Order on Appeal* at 6-7], the requirements for application of the Florida litigation privilege have been met. Accordingly, the claims against the Defendants are barred as a matter of law. *See Marshall Cty. Bd. of Educ.,* 992 F.2d at 1174; *Executive 100,* 922 F.2d at 1539. Consequently, the Florida litigation privilege provides an independent basis for dismissal of the Removed Action with prejudice.

## IV. Even if the Barton doctrine does not apply, and the state causes of action exist, those causes of action are barred by operation of derived or qualified judicial immunity.

Even if the Barton doctrine is inapplicable and the Complaint if determined to state recognized causes of action under Florida law, Plaintiffs' claims are nevertheless still barred by operation of derived or qualified judicial immunity as recognized and applied by the *Harris* court. In the District Court opinion affirmed by the Eleventh Circuit in *Lawrence, supra,*[8] Judge Gold held, in part, that the bankruptcy trustee's professionals were entitled to absolute immunity. While the complained of acts were undertaken pursuant to Orders of this Court, which is not the case here, Judge Gold's holding that, "[u]nder Eleventh Circuit case law, the Amended Complaint must be dismissed with prejudice as to all Defendants because all the alleged actions were taken in furtherance of the bankruptcy trustee's official duties, in furtherance of the duties the Defendants were retained to perform," applies here with equal force. *Id.* This Court

---

[8] *Order Granting Defendants' Motions to Dismiss Amended Complaint [DE 75, 76, 77, 78, 81, 84, 88] With Prejudice; Closing Case*, Case No. 06-21952-CIV-GOLD/TURNOFF (S.D. Fla. Feb. 12, 2008) ("Dismissal Order") [ECF No. 168].

recognizes that the Eleventh Circuit, in its published opinion, addressed only the Barton doctrine issue, *see Lawrence,* 573 F.3d 1265, n.6, and not the immunity ruling made by Judge Gold. Nevertheless, that ruling, based on case law, including from the Eleventh Circuit,[9] is persuasive. In the instant case, the challenged actions were taken by professionals retained by bankruptcy trustees and were taken in furtherance of the professionals' duties to the trustee.

Accordingly, the claims against the Defendants are barred as a matter of law even if the Barton doctrine is inapplicable and stated claims recognized as causes of action under Florida law. *See also Marshall Cty. Bd. of Educ.,* 992 F.2d at 1174; *Executive 100,* 922 F.2d at 1539. Consequently, immunity provides an independent basis for dismissal of the Removed Action with prejudice.

## V.    Plaintiffs' alternative motion for leave to prosecute its claims in the State Court is denied; as is their *ore tenus* motion for leave to amend.

In their Initial Supplement (and at oral argument) Plaintiffs requested, in the alternative, that if this Court were to assert jurisdiction over the Removed Action that Plaintiffs be granted leave to pursue their claims against Defendants in the State Court. [ECF No. 32, ¶¶41-48]. At the conclusion of the hearing, the Court stated that it would be a waste of time to grant this request given its ruling that the action was void *ab initio* pursuant to application of the Barton doctrine. [ECF No. 73 (Transcript of Oct. 6, 2014 Hearing) at 45:7-14].

During and at the close of their argument, Plaintiffs asked for leave to amend the Complaint to the extent the Court found that their claims did not exist. [ECF No.73 (Transcript of Oct. 6, 2014 Hearing) at 36:7-10, 40:16-19 and 41:18-20]. Given this Court's rulings in respect of the Florida litigation privilege and immunity in favor of the Defendants, which work to bar any claims against them, any proposed amendment would be futile. *See Cockrell v.*

---

[9] *See Property Mgmt. & Inv. v. Lewis,* 752 F.2d 599 (11th Cir. 1985); *Boullion v. McClanahan,* 639 F.2d 213 (5th Cir. 1981). *Boullion* is a pre-split Fifth Circuit case. *See* Dismissal Order at 21, n.5.

*Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

Based on the foregoing, it is

ORDERED AND ADJUDGED as follows:

1. The Motion to Dismiss is **GRANTED**.

2. This Adversary Proceeding is **DISMISSED WITH PREJUDICE**.

3. This Court reserves jurisdiction to enter any order awarding costs, attorneys' fees and/or sanctions appropriately imposed or taxed against Plaintiffs arising from the filing and prosecution of the Removed Action.

#    #    #

Submitted by:
Paul Steven Singerman, Esq.
BERGER SINGERMAN LLP
1450 Brickell Ave., Suite 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340
E-mail:  singerman@bergersingerman.com

*(Paul Steven Singerman, Esq. is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court).*

17